IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Roberta Laufenberg**,
    Plaintiff,

v.

**Nuance Communications, Inc.**,
    Defendant.

Case No:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Roberta Laufenberg ("**Plaintiff**"), sues Nuance Communications, Inc. ("**Nuance**" or "**Defendant**"), and in support thereof states as follows:

### NATURE OF CLAIM

1. This is an action for damages, declaratory relief, and injunctive relief to redress the deprivation of rights secured by the Equal Pay Act of 1963, 29 U.S.C. § 206, et seq. ("**EPA**"), the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("**Title VII**"), and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act ("**FCRA**").

### JURISDICTION AND VENUE

2. The venue of this Court over this controversy is proper as the Defendant has and keeps an office for transaction of its customary business in the City of Melbourne, Brevard County, Florida.

3. Plaintiff is a resident of Malabar, Brevard County, Florida.

4. All of the causes of action alleged herein accrued in Brevard County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28. U. S. C. § 1391.

## THE PARTIES

5. Plaintiff, at all times materials hereto, was a resident of Malabar, Brevard County, Florida and is otherwise *sui juris*.

6. As a 53-year-old female, Plaintiff is a member of a protected class under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her gender.

7. Defendant is a Delaware corporation with its principal place of business located in Burlington, Middlesex County, Massachusetts. Defendant is authorized to do business, transact business and engage in commerce in Florida.

8. Defendant is a foreign, for-profit corporation that specializes in speech recognition, dictation, and transcription software that is widely utilized in many industries.

9. Defendant has the requisite number of employees to establish coverage under Title VII and the FCRA (42 U. S. C. §2000(b); Fla. Stat. § 760.02(7)).

10. Defendant, at all times material hereto, was Plaintiff's employer as defined under the EPA, Title VII. And the FCRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FULFILLMENT OF CONDITIONS PRECEDENT

11. Prior to filing this civil action, Plaintiff timely filed a written charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR").

12. The EEOC, which conducts its investigation on its own behalf as well as on behalf of the FCHR pursuant to a work-sharing agreement, did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

13. Plaintiff was issued a Notice of Right to Sue on May 12, 2022. This suit is filed in accordance with that Notice and within the applicable time limitation. Plaintiff's Notice of Right to Sue is attached as **Exhibit "1."**

14. Plaintiff has exhausted all administrative prerequisites and has filed this action within the applicable time period pursuant to the EPA, Title VII, and FCRA.

15. Plaintiff has fulfilled all conditions precedent to this action.

## STATEMENT OF FACTS

16. Plaintiff is female.

17. On or about February 10, 1999, Plaintiff began working for Dictaphone. Defendant Nuance acquired the Dictaphone brand in or

around 2006 and Plaintiff was hired by Defendant as a Sales Manager as part of the acquisition.

19. At all relevant times, the hierarchy of roles on the sales team for Defendant was, in ascending order of responsibility and compensation: Sales Representative, Sales Manager, Senior Sales Manager, Sales Director, Senior Sales Director.

19. The actual text of the names of these titles varied from time to time depending on the division to which an employee was assigned to and the time period at issue, but the essential functions and title were relatively consistent throughout the time period. Thus, the use of these terms for these particular positions herein should not be construed in an overly pedantic manner.

20. Defendant engaged in a pattern of conduct and practice to pay Plaintiff less than male employees with the same duties by consistently assigning her one set of job duties and title, but secretly classifying her in a different, lower position for compensation purposes.

21. This pattern played out over the course of her entire career with Defendant from 2006 through 2021: Defendant would give Plaintiff a set of duties and a job title commensurate with a high-level role. She was expected to perform the duties of that high-level role. She was evaluated internally based on the duties and performance expectations of that high-level role. She was held out to the public as having that high-level role. In internal company communications, her performance was

compared and evaluated against other employees with the same high-level role. But (often secretly) she was classified under a different, lower title in Defendant's confidential internal human resources and payroll systems.

22. Male employees with the same duties as Plaintiff were not subjected to this treatment. They were classified for pay purposes under the jobs they actually did.

23. Alternatively, if they were subjected to the same treatment, they were subjected to it to a lesser degree.

24. As a result, for her entire career with Defendant, she consistently received less compensation than male employees who had the same duties as her, and against whom her performance was compared.

25. The compensation discrepancy played out in all forms of compensation including, without limitation, base salary, commission scales, and benefits.

26. The exact dates of promotions and compensation changes are difficult to set forth clearly without the benefit of discovery. This is because of the length of the time period at issue, as well as the confusion created by Defendants' use of public titles and secret titles. Plaintiff will attempt to set forth her specific allegations based on information and belief at this time but reserves the right to clarify the details of the progression after having the benefit of discovery.

27. From about 2007 to about 2008, Plaintiff had the duties of a Sales Manager, but she was classified as a Sales Representative for all purposes, including compensation.

28. Unlike other situations outlined below, the arrangement described in the preceding paragraph was disclosed to Defendant, but her compensation was less than that of males performing the same duties. Males who were assigned to perform Sales Manager duties were classified as Sales Managers for compensation purposes.

29. While the foregoing discrepancy between her duties and her title was known to her, the pay discrepancy with her male counterparts was not.

30. In about 2008, Plaintiff was led to believe she was promoted to a Sales Director. She performed the duties of a Sales Director. She was held out to the public as a Sales Director. Her performance was evaluated against and compared to that of other Sales Directors.

31. At this time, Defendant was still secretly classified lower, as only a Sales Representative, for compensation purposes.

32. In about 2010, Plaintiff was secretly promoted for compensation purposes to an Intermediate Manager, a title that, upon information and belief, did not exist or was rarely, if ever, used. It was created or brought out especially for Plaintiff, without Plaintiff's knowledge, so that she could be given a compensation increase to placate her requests for a raise, but so that she would not have to be given a

6

compensation increase commensurate with her actual job as a Sales Director.

33. In about 2013, Plaintiff was promoted for compensation purposes to Senior Manager, but nothing changed with respect to her duties or disclosed title, which remained commensurate with a higher role: Sales Director. Again, this was done so that she could be given a compensation increase to placate her requests for a raise, but so that she would not have to be given a compensation increase commensurate with her actual job as a Sales Director.

34. Sometime between about 2013 and 2018, Plaintiff had achieved the necessary seniority and performance to be promoted to Senior Sales Director. She lobbied for, and received, a change in her disclosed title and additional duties commensurate with her new role. However, she did not receive a promotion for payroll or compensation purposes to Senior Director. To the extent her compensation increased, it did not increase to the compensation of a Senior Sales Director.

35. In about 2018, Plaintiff, who was performing the duties of and being held out as a Senior Sales Director, was promoted for compensation purposes from Senior Sales Manager (two levels below her job) to Sales Director (one level below her job). Again, this was done so that she could be given a compensation increase to placate her requests for a raise, but so that she would not have to be given a compensation increase commensurate with her actual job as a Senior Sales Director.

36. Plaintiff's employment terminated for reasons unrelated to either her performance or the circumstances of this lawsuit in 2021. Her employment was terminated because she sustained a head injury and was medically unable to return to her job after exhausting available leave.

37. In part through Defendant's use of the mechanism described above, for her entire career at Nuance from 2006 through 2021, Plaintiff was compensated less than male employees who performed the same duties.

38. Without the benefit of discovery, it is difficult for Plaintiff to name each of the male employees who were compensated better. However, upon information and belief, the following male employees were, at one time or another, compensated more than Plaintiff for the same work, without limitation:

a. John Fuch;

b. Victor Rodriguez;

c. John Beebe;

d. Steven Passeri;

e. Victor Rodriguez; and

f. Tony Incardona.

39. The discrepancy in compensation did not merely affect her contemporaneously. In addition, it altered the calculations that were used

to determine her entitlement to disability insurance and public and private retirement benefits.

40. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## COUNT I
## DISCRIMINATION IN COMPENASATION
## EQUAL PAY ACT OF 1963, 29. U.S.C. § 206, ET SEQ.

41. Plaintiff incorporates herein paragraphs numbers 1 through 40.

42. Plaintiff belongs to a protected class; she is female.

43. Plaintiff's job functions at Nuance when she was held out to be a Sales Manager, Senior Sales Manager, Sales Director, and Senior Sales Director were of equal, skill, effort, and responsibility as the jobs of Nuance's male employees who had similar roles under the same or similar working conditions.

44. From 2006 through 2021, Plaintiff received compensation lower than Nuance's male employees who were performing the same or substantially similar work.

45. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages when she was performing the same or substantially more work than her male coworkers.

46. Plaintiff has also been damaged by and is entitled to compensation for the diminution in value of her private and public benefits resulting from her reduced compensation.

47. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

    A.    A declaration by this Court that Defendant violated the EPA;

    B.    Back pay in the form of lost wages, including lost benefits, plus interest, which resulted from the unlawful sex discrimination and an additional equal amount as liquidated damages;

    C.    Costs of this action, together with reasonable attorneys' fees;

    D.    Post-judgment interest; and

    E.    Such other and further relief as is just, equitable, and proper.

**COUNT II**
**DISCRIMINATION IN COMPENSATION**
**THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, ET SEQ. ("TITLE VII")**

48. Plaintiff incorporates herein paragraphs numbers 1 through 40.

49. Plaintiff belongs to a protected class; she is female.

50. Defendant paid Plaintiff lower wages than her similarly situated male coworkers during all relevant periods in this Complaint.

51. Defendant paid Plaintiff lower wages because of sex.

52. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages for performing the same or substantially more work than these men.

53. Defendant violated Title VII and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. A declaration by this Court that Defendant violated Title VII;

B. Back pay in the form of lost wages, including lost benefits, plus interest, which resulted from the unlawful sex discrimination;

C. Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions;

D. Punitive damages;

E. Costs of this action, together with reasonable attorneys' fees;

F. Post-judgment interest; and

G. Such other and further relief as is just, equitable, and proper.

## COUNT III
## DISCRIMINATION IN COMPENSATION
### Chapter 760 of the Florida Statutes, the Florida Civil Rights Act ("FCRA")

54. Plaintiff incorporates herein paragraphs numbers 1 through 40.

55. Plaintiff belongs to a protected class; she is female.

56. Defendant paid Plaintiff lower wages than her similarly situated male coworkers during all relevant periods in this Complaint.

57. Defendant paid Plaintiff lower wages because of sex.

58. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages for performing the same or substantially more work than these men.

59. Defendant violated the FCRA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. A declaration by this Court that Defendant violated the FCRA;

B. Back pay in the form of lost wages, including lost benefits, plus interest, which resulted from the unlawful sex discrimination;

C. Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions;

D. Punitive damages;

E. Costs of this action, together with reasonable attorneys' fees;

F. Post-judgment interest; and

H. Such other and further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on and for all issues so triable.

Respectfully submitted this 14th day of July 2022.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, FL 32803
Office: (407) 777-8541
Primary: KBrinson@LawyerFightsForYou.com
Secondary: RKovacevic@LawyerFightsForYou.com
Attorney for Plaintiff